```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
           FLORENCE DIVISION
```

| Brandon Emmanuel Butler, | ) | Civil Action No. 4:10-cv-70264-TLW |
| --- | --- | --- |
| | ) | Criminal Action No. 4:09-cr-74 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## PROCEDURAL HISTORY

This Matter comes before the Court on the pro se Petitioner Brandon Emmanuel Butler's (hereinafter "Butler" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of conspiring to distribute crack and powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C), all in violation of § 846; and one count of possession a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner was sentenced on January 28, 2010, and the judgment in this case was entered on January 29, 2010. Petitioner filed a Notice of Appeal on February 8, 2010. His direct appeal (No. 10-4169) is pending in the U.S. Court of Appeals for the Fourth Circuit.

The Petitioner filed the present action on September 13, 2010, alleging several grounds for relief pursuant to 28 U.S.C. § 2255. Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that

1

the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

On September 15, 2010, the Government filed a Motion to Dismiss Petitioner's Petition. In its motion, the Government asserts that because Petitioner has prematurely filed this Section 2255 motion during the pendency of his direct appeal, this Court should dismiss his Section 2255 motion without prejudice. The Court finds this position to be sufficiently persuasive.

It is well-recognized that district courts frequently apply the rule that a "§ 2255 motion should normally not be heard while a direct appeal is pending." United States v. Jones, 14 F.3d 597, n.8 (4th Cir. 1993) (unpublished); see also In Re: Curtis, 67 F.3d 294 (4th Cir. 1995) (unpublished) ("We acknowledge that Curtis's direct appeal is pending and that a § 2255 motion cannot be

addressed while a direct appeal is pending."). Thus, to ensure the "orderly administration of criminal justice," this Court is sufficiently persuaded by the Government's request and finds it appropriate to dismiss Petitioner's Petition at this time. United States v. Gordon, 634 F.2d 638, 638 (1st Cir. 1980) (collecting cases regarding the dismissal of § 2255 motions during the pendency of direct appeals).

## CONCLUSION

For the reasons cited above, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

                                                s/ Terry L. Wooten
                                        **TERRY L. WOOTEN**
                             **UNITED STATES DISTRICT COURT JUDGE**

December 7, 2010
Florence, South Carolina