IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brandon Emanuel Butler,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:09-cr-00074-TLW<br>C/A No. 4:14-cv-00112-TLW<br><br><br>**Order** |

    This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Brandon Emanuel Butler. For the reasons stated below, the Court dismisses the motion.

## I.    Factual and Procedural History

    Petitioner pled guilty to (Count 1) Conspiracy to Possess With Intent to Distribute and Distribute Cocaine Base and Cocaine; and (Count 6) Possessing a Firearm in Furtherance of a Drug Trafficking Crime, and he was sentenced to 120 months incarceration.[1] He filed a direct appeal, but the Fourth Circuit affirmed his conviction and sentence. He then filed a petition for writ of certiorari, which the Supreme Court denied on April 25, 2011.

    While Petitioner's direct appeal was pending, he filed a motion under § 2255, and the Government filed a motion to dismiss as premature. The Court dismissed the § 2255 motion without prejudice, and the Fourth Circuit dismissed his appeal.

---

[1] This sentence consists of 60 months on Count 1 and 60 months consecutive on Count 6.

1

On October 16, 2013,[2] Petitioner filed a document challenging his conviction and sentence. The Court directed him to resubmit his filing on the proper § 2255 forms and stated that any filing made within 30 days of the order would be deemed to be filed on the date of the initial filing. Within that time frame, he filed the instant § 2255 motion on the proper forms. Thus, the effective filing date of his § 2255 motion is October 16, 2013.

The Government filed a motion to dismiss, asserting that Petitioner's § 2255 motion is barred as untimely. He filed a response in opposition.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

(D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV.  Discussion

The Government argues that Petitioner's § 2255 motion should be dismissed as untimely. The Court agrees.

### A.  Timeliness under AEDPA

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1. *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1). His one-year statute of limitations began to run on April 25, 2011, the date the Supreme Court denied his cert petition. Thus, under § 2255(f)(1), he had one year—until April 25, 2012—in which to file his motion. However, he did not file his motion until October 16, 2013. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(1).

### 2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his motion. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2).

### 3. *§ 2255(f)(3)*

Petitioner argues that the Supreme Court's decision in *Bailey v. United States*, 133 S. Ct. 1031 (2013), issued on February 19, 2013, applies to his case and resets the statute of limitations. The Court disagrees.

4

As an initial matter, the Court finds that Petitioner's argument that *Bailey* recognized a new right retroactively applicable on collateral review is not persuasive.[3] However, for purposes of this motion, it is not necessary to resolve that question because even if *Bailey* did apply retroactively, it is not factually applicable to this case.

In *Bailey*, the defendant and another individual were seen driving away from an apartment that was to be searched pursuant to a search warrant, and they were followed by police officers for about a mile before being pulled over. *Bailey*, 133 S. Ct. at 1036. They were detained incident to the search of the apartment. *Id.* They were driven back to the apartment and were arrested after the search team uncovered a gun and drugs in the apartment. *Id.* The Supreme Court concluded that the defendant's detention violated the Fourth Amendment because the categorical authority to detain occupants of a premises being searched pursuant to a search warrant, as established by *Michigan v. Summers*, 452 U.S. 692 (1981), "must be limited to the immediate vicinity of the premises to be searched." *Id.* at 1041.

That is not the factual situation presented in this case. Unlike in *Bailey*, there is no indication that Petitioner was detained incident to the search of his residence. In fact, a case report that he submitted with his § 2255 motion supports the opposite conclusion—it states that he was arrested at another residence "for pending [Florence County Sheriff's Office] Narcotics arrest warrant." ECF No. 117-3 at 1. Thus, even if *Bailey* did apply retroactively, it is factually distinguishable from this case because Petitioner was arrested pursuant to an arrest warrant, not incident to the search of his residence. Accordingly, because *Bailey* does not apply to restart the

---

[3] The only cases addressing the retroactivity of *Bailey* have concluded that it does not apply retroactively. *See Gray v. United States*, Nos. 5:10-cr-146-FL-1; 5:12-cv-740-FL, 2014 WL 2917044, at *12 (E.D.N.C. June 26, 2014); *Bryant v. Reynolds*, No. 2:12-cv-01731-GRA, 2013 WL 4511292, at *4 (D.S.C. Aug. 23, 2013); *see also United States v. Mathur*, 685 F.3d 396, 399 (4th Cir. 2012) (stating that new rules of constitutional law are generally not applicable to cases which have become final before the new rules are announced).

statute of limitations, the Court finds that his motion is untimely pursuant to § 2255(f)(3).[4]

### 4.     *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case.  Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence.  Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

## V.     Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 121, is **GRANTED**, and Petitioner's motion for relief pursuant to § 2255, ECF No. 117, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this motion.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

---

[4] The Court also notes that Petitioner's *Bailey* argument would only apply to, at most, his first ground for relief, in which he appears to argue (in a cursory and unclear manner) that the search of his home was not constitutionally valid.  *Bailey* is not remotely relevant to his other three grounds for relief.

**IT IS SO ORDERED**.

                                                             *s/ Terry L. Wooten*
                                                             Terry L. Wooten
                                                             Chief United States District Judge

June 3, 2015
Columbia, South Carolina